Burke Wonnell
Assistant Federal Defender
FEDERAL PUBLIC DEFENDER
FOR THE DISTRICT OF ALASKA
188 W. Northern Lights Blvd., Suite 700
Anchorage, Alaska 99503
Phone: (907) 646-3400
Fax: (907) 646-3480
Email: burke_wonnell@fd.org

Counsel for Defendant Jeremy Vorous

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>JEREMY VOROUS,<br><br>Defendant. | Case No. 1:21-cr-00294-RC<br><br>**REPLY TO GOVERNMENT'S RESPONSE AT DOCKET NO. 67** |

The Court reviewed Defendant's competency evaluation *in camera* and ordered the government to brief the issue of their entitlement to the evaluation. The government argues at Docket 67 that 18 U.S.C. §4241 requires that the government be provided this report. However, prior to filing and serving the report, and prior to any competency hearing, Defendant withdrew his motion. This terminated any obligation to file or serve the report, since the termination of the motion terminated the applicability of the statute to this case. The Court ordered the evaluation filed *ex parte* for *in camera review*, and the defense complied without objection. Defendant continues its objection to providing the report to the adverse party.

The government speculates that the defense may raise the issue of his mental health or mental state a trial, and that the government should be entitled to use the report impeachment purposes in that eventuality.  If such an issue arises at trial, the Court can rule on materiality at that point.  The government argues that it should obtain a copy of the competency evaluation for sentencing purposes.  The government makes no showing of how this competency evaluation would be relevant to sentencing, nor why that would compel disclosure.  The government argues that the defense "pushed for a competency hearing", and thereby waived Defendant's right to privacy in the evaluation.  The defense reasonably believed that there was a mental health issue that affected Defendant's competency to stand trial.  When the defense received the evaluation, they no longer believed that he lacked competency, and accordingly withdrew the motion.  While Defendant did waive his right to privacy in the report in order to challenge his competency, that implicit waiver disappeared when the defense withdrew its motion.  Accordingly, the Court should deny the government's request for production of the competency evaluation.

DATED this 9th day of October, 2024.

Respectfully submitted,
FEDERAL PUBLIC DEFENDER
DISTRICT OF ALASKA

*/s/ Burke Wonnell*
Burke Wonnell
Assistant Federal Defender

Certificate of Service:
I hereby certify that I electronically filed the foregoing and any
attachments with the Clerk of Court for the United States
District Court for the District of Columbia by using the
district's CM/ECF system on October 9, 2024. All participants
in this case are registered CM/ECF users and will be served by
the district's CM/ECF system.
*/s/ Burke Wonnell*